# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONATHAN JACKS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:18-cv-00188-UJB-RDP |
| **CEDRIC DEJANERO CHANCE,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss, or in the Alternative, Stay. (Doc. # 5). In this motion, Defendant requests that the court dismiss this action without prejudice or stay it pending resolution of a parallel state-court action, pursuant to the *Colorado River* Doctrine. The parties have fully briefed the motion (Docs. # 7, 8), and it is under submission. After careful review, Defendant's motion is due to be denied.

**I.      Background**

This motion relates to two parallel lawsuits filed, one here and the other in state court. In September 2016, Plaintiff's vehicle was struck by a tractor trailer operated by Defendant. (Doc. # 1 at ¶¶ 9-12). James Benz was a passenger in Plaintiff's vehicle. (Doc. # 7-1 at 3). In November 2017, Benz filed suit against Defendant in the Circuit Court for Shelby County, Alabama. (*Id.* at 1-6). Benz raised claims of negligence, wantonness, underinsured/uninsured motorist coverage, and negligent entrustment, hiring, training, and supervision in his state-court complaint. (*Id.* at 3-5).

In February 2018, Plaintiff filed this action against Defendant in this court. (Doc. # 1). Plaintiff has brought his action in this court asserting that the court has diversity jurisdiction because (1) he is a resident of Alabama, and Defendant is a resident of Georgia, and (2) the amount in dispute exceeds $75,000. (*Id.* at ¶¶ 1-2, 7). In his Complaint, Plaintiff raises claims of negligence and wantonness. (*Id.* at ¶¶ 15-20).

## II. The *Colorado River* Doctrine

Under the *Colorado River* Doctrine of "exceptional circumstances," a federal district court may "dismiss or stay an action when there is an ongoing parallel action in state court." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (quoting *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989)). The principles of that Doctrine "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817 (internal quotation omitted). "Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ambrosia Coal*, 368 F.3d at 1328 (quoting *Colorado River*, 424 U.S. at 817). However, a federal court may defer to a parallel state proceeding under "limited" and "exceptional" circumstances. *Moorer*, 374 F.3d at 997 (citing *Colorado River*, 424 U.S. at 817-18).

There is no bright-line test for determining when an existing, concurrent state case warrants federal court abstention in a parallel federal case. *Ambrosia Coal*, 368 F.3d at 1328.

Nonetheless, the Eleventh Circuit has indicated that a district court may consider the following factors in determining whether exceptional circumstances exist:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Moorer* 374 F.3d at 997 (quoting *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294-95 (11th Cir. 1998)). Of course, "[t]he decision whether to dismiss [or stay] 'does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 16 (1983)). The weight attributed to each factor varies on a case-by-case basis, and depends on the particularities of that case. *Id.* A single factor alone can be the sole reason for abstention. *Id.* After performing the analysis, if a federal court determines the *Colorado River* Doctrine applies and that it should defer to a parallel state-court proceeding, the court must stay, and not dismiss, the federal case. *Moorer*, 374 F.3d at 998 (citations omitted). Thus, here, the court asks two questions: (1) whether there is a state-court proceeding that is sufficiently parallel to this action; and (2) if so, applying the factors discussed above, do exceptional circumstances exist that counsel toward staying this action.

### III. Analysis

In order for the *Colorado River* Doctrine to apply, there must be a state case parallel to the federal one. *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (citation omitted). The federal and state proceedings do not have to contain the same parties, issues, and requests for relief to be identical. *Ambrosia Coal*, 368 F.3d at 1329-30. "The

crucial question is whether the 'similarity between the two cases is sufficient to justify the conclusion that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.'" *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014) (quoting *Brown v. Blue Cross & Blue Shield of Fla., Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *8 (S.D. Fla. Aug. 8, 2011)). A district court may appropriately undertake the *Colorado River* analysis when the "federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. Here, Plaintiff's action and Benz's action arise from the same accident, the actions have been brought against the same defendant, and the actions both raise negligence and wantonness claims. Thus, the court readily concludes that the two actions involve substantially the same parties and issues, making them parallel actions under the *Colorado River* Doctrine.

Having said that, the court finds that none of the *Colorado River* factors compel abstention. Defendant concedes that the first, second, fifth, and sixth factors discussed in *Moorer* do not weigh in favor of abstention. (Doc. # 5 at 5, 8-9). The only factors relied upon by Defendant to justify abstention are (1) the state court's prior acquisition of jurisdiction and (2) the prejudice Defendant would face from piecemeal litigation. (*Id.* at 6-8). In response, Plaintiff argues that the sixth factor (*i.e.*, the state court's ability to protect the rights of all parties) weighs against abstention because he likely will need to obtain discovery materials from Georgia and this court may have subpoena power over federal agencies that the state court lacks. (Doc. # 7 at 6). The court reviews the three disputed *Colorado River* factors below, in turn.

### A. The Order of Jurisdiction and the Progress of the State Case Do Not Justify Abstention

In applying the third factor, the court considers which forum acquired jurisdiction first. "The Supreme Court [has] clarified that, despite somewhat misleading phrasing in *Colorado*

4

*River*, this factors 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Ambrosia Coal*, 368 F.3d at 1333 (quoting *Moses H. Cone*, 460 U.S. at 21). "This factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone*, 460 U.S. at 21. In *Nobel Insurance Group v. First National Bank of Brundidge*, 50 F. Supp. 2d 1215 (M.D. Ala. 1999), the Middle District of Alabama found that this factor favored abstention "to a small degree" where discovery had commenced in the earlier-filed state-court action, but was still in its initial stages. *Id.* at 1218.

Here, as in *Nobel Insurance Group*, this factor weighs slightly, but not significantly, in Defendant's favor. The parties' submissions to the court show that Benz has submitted interrogatories and requests for production to Defendant in the state-court action, Defendant has responded to those interrogatories and requests for production, and Defendant has submitted interrogatories and requests for production to Benz. (Docs. # 7-1 at 7-15; 7-2 at 4-12; 8 at 8-25). These discovery steps are initial steps, and the court finds from the record before it that discovery has not progressed so far as to warrant abstention. *See Nobel Ins. Grp.*, 50 F. Supp. 2d at 1218.

B.     **The Potential for Piecemeal Litigation Does Not Justify Abstention**

The fourth factor calls for the court to examine the potential for piecemeal litigation. But the question is not simply whether denial of a stay could lead to piecemeal litigation. "Run of the mill piecemeal litigation will not do: this factor 'does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious.'" *Jackson-Platts*, 727 F.3d at 1142 (quoting *Ambrosia Coal*, 368 F.3d at 1333). Nor does this factor favor abstention when litigation is "inevitably piecemeal." *Id.*

(quoting *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984)). "Concern with piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, not on the mere possibility of duplication." *Gonzalez v. Cruz*, 926 F.2d 1, 4 (1st Cir. 1991). While the court agrees with Defendant that there will inevitably be some overlap between Plaintiff's action and Benz's action, the court does not think that the overlap will be "abnormally excessive or deleterious." *Jackson-Platts*, 727 F.3d at 1142.

At their core, both Plaintiff's action and Benz's action present straightforward issues of state law. As such, there is a small likelihood of harsh, contradictory, or unfair consequences. *Burns v. Watler*, 931 F.2d 140, 146-47 (1st Cir. 1991) (vacating a district court's *Colorado River* stay of an action arising from an automobile accident where the district court solely relied on the piecemeal litigation factor to justify abstention). Moreover, at least one other court has concluded that concerns about piecemeal litigation do not justify abstention in automobile accident cases such as this one. *See Morris v. SWDI, LLC*, 872 F. Supp. 2d 499, 509 (E.D. La. 2012) (concluding that the piecemeal litigation factor did not weigh in favor of abstention because no *res* or property was at issue in the case, and the defendant failed to show that the duplicative litigation constituted piecemeal litigation). For these reasons, the court finds that this *Colorado River* factor is neutral.

### C. The Court Perceives No Adequacy Issues with Either Fora

This final factor requires the court to consider the adequacy of the respective fora to protect the parties' rights. Plaintiff has offered no legal authority to support his concerns about the adequacy of the state forum proposed by Defendant. (*See* Doc. # 7 at 6-7). After reviewing Plaintiff's argument, the court agrees with Defendant that this factor is neutral.

## IV. Conclusion

For the reasons explained above, while one *Colorado River* factor weighs slightly in favor of abstention, Defendant's motion fails to present any exceptional circumstances which would justify abstention. Therefore, Defendant's motion to dismiss or stay this action (Doc. # 5) is due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 18, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE